MARTHA CARTER, executrix, *et al.*, plaintiffs in error, *vs.* BRIDGET HALLAHAN *et al.*, defendants in error.

1. On an issue of fact made by bill and answer, and with affidavits *pro* and *con*, this court will not control the chancellor in the grant of a temporary injunction.
2. Where intricate questions of law are made, complicated by the facts and dependent upon facts for their clear understanding, it is better to pass upon them with the facts ascertained on full examination and cross-examination of witnesses, on regular trial in open court, and unless the plaintiffs in error make it plainly appear that principles of equity were set aside or overlooked by the grant of injunction, this court will not interfere therewith.

Injunction. Before Judge GIBSON. Richmond Superior Court. October Term, 1877.

Reported in the opinion.

BARNES & CUMMING; FRANK H. MILLER, for plaintiffs in error.

WM. E. JACKSON; JOHN T. SHEWMAKE; THOMAS H. GIBSON; M. P. CARROLL, for defendants.

JACKSON, Judge.

This was a bill filed by Mrs. Hallahan and children, against Mrs. Carter and others, who held mortgages against lands in which Mrs. Hallahan claimed dower. The contest was narrowed down to the fight over dower, homestead, year's support, etc. Mrs. Carter's mortgage *fi. fa.* was levied upon the lands, and the object of the bill was to enjoin the sale thereof until the application of the widow for dower could be settled regularly by trial before court and jury. The court granted an injunction as to part of the land, appointing commissioners to lay off a certain portion temporarily for dower, and enjoining the parties from selling such portion, but leaving the balance open to their sale, if they desired to sell. The defendants excepted to the injunction, and bring the case here for our review.

1. There is evidence in the bill, supported by some affidavits, going to show that Hallahan died seized and possessed of the land—he certainly died possessed of it; and there is evidence which may convince a jury that he did not part with the absolute estate, so as to bar the widow's right to dower, and there is evidence the other way. The chancellor has decided this issue, and we will not control his discretion.

2. Other points are made touching the effect of the deed of assignment, made by the register, to the property of the bankrupt, whether it covered this land or not, and whether, if it did, it was such a judicial sale as barred the widow's right to dower; and, also, whether or not the widow is estopped by the conduct of her husband in leaving out this land from his schedule, when he went into voluntary bankruptcy; and, also, in inducing Mrs. Carter to act towards Burke, who purchased or got a lien from Hallahan, as the real owner and complete possessor of the fee, to give Burke time, and not to sell till after Hallahan had died.

These questions can be better adjudicated when all the facts are before the court, when the witnesses are subject to

cross-examination and can be sifted, and all the facts drawn to the surface and seen plainly by the chancellor.

We incline to think that the widow is not estopped, and that the deed to the assignee did not pass title out of Hallahan so as to bar her right, leaving the naked question, did Hallahan pass absolute title to Burke, or only a sort of mortgage to let him and his partner, O'Donohue, make their money consistently with older liens out of the land, and at the same time to benefit Hallahan's family, who remained in possession? But we do not decide either the estoppel, or the effect of the assignment by the register to the assignee in bankruptcy. We simply rule that we will not, in such a case, control the discretion of the chancellor in granting the injunction.

In respect to the temporary assignment of dower, we suppose that it binds nobody. The creditors need not sell the balance of the land unless they wish to do so, and the widow herself may prefer dower in money. The injunction should probably have restrained all interference with any of the lands, until the rights of the widow and creditors could be abjusted by regular trial; but the widow does not complain, and it does not lie in the mouths of the creditors to do so. At all events, they need not sell a part of the land unless they wish. Besides, it is always in the power of the chancellor to modify his interlocutory decrees or orders, and we doubt not that he will do so, if it be made to appear that anybody will be hurt by the sale of a part of the land, when probably all should be sold together.

Judgment affirmed.